UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANNE MARIE SCHUBERT, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-0266 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Sacramento District Attorney Schubert, Deputy District Attorney Tucker, California State Prison-Sacramento ("CSP-Sac") Correctional Officer O'Rilley and CSP-Sac Warden Baughman.

Plaintiff alleges that on November 26, 2017, he was charged with battery upon correctional officers. On April 13, 2018, defendant O'Rilley told plaintiff that he had a court appearance in this criminal case at 10:00 a.m. in Department 9 of the Sacramento County Superior Court. Defendant O'Rilley did not take plaintiff to the Superior Court for the court appearance. Instead, defendant O'Rilley took plaintiff to a storage room in CSP-Sac. Plaintiff sat at a table in front of a television. A judge appeared on the television screen.

A public defender and two correctional employees sat with plaintiff at the table in the storage room. Plaintiff was told that this was his court appearance. Plaintiff asked the correctional employees where was his court appointed attorney, Kelly Babineau. Plaintiff was informed that because Ms. Babineau was a private attorney, she was not allowed to come into the prison. However, Ms. Babineau was present in the courtroom in Sacramento along with the judge and defendant Tucker.

Plaintiff was informed that if he had any questions for Ms. Babineau, he was to inform the public defender seated next to him or the correctional employees. Plaintiff was told that his question would then be relayed to Ms. Babineau, over the television monitor and "openly to the court." Plaintiff alleges that because of the video-conferencing, he had no direct access to Ms. Babineau, including confidential communication. Plaintiff was told that the legal name for his television appearance was "video court."

Plaintiff alleges that defendants Schubert and Tucker created the video court policy. Plaintiff alleges that the video court policy denied him his right to confidentially communicate with his attorney and his right to physically appear at the April 13, 2018 court proceeding.

3

Plaintiff alleges that defendants O'Rilley and Baughman implemented the video court policy, which caused him to appear via video at the April 13, 2018 court proceeding. These claims against defendants Schubert, Tucker, O'Rilley and Baughman state potentially colorable claims for relief.

In the complaint, plaintiff alleges that he has not exhausted administrative remedies as to any of the defendants. Plaintiff alleges that "there are no administrative remedies to exhaust here due to the primary defendants [Schubert and Tucker] named herein are not CDCR state employees. The other named defendants [O'Rilley and Baughman] were acting as govern[ment] employees for the district attorney's office." (ECF No. 1 at 5.)

The undersigned herein finds that plaintiff is required to exhaust his administrative remedies as to defendants O'Rilley and Baughman. Because plaintiff failed to administratively exhaust his claims against these defendants, the undersigned recommends that those defendants be dismissed.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.§ 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S. Ct. 1850, 1857, 1859 (2016). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

As the U.S. Supreme Court explained in Ross, 136 S. Ct. at 1856, regarding the PLRA's exhaustion requirement:

> [T]hat language is "mandatory": An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies.... [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any "special circumstances."

Id. (internal citations omitted).

The case law discussed above clearly requires plaintiff to exhaust administrative remedies as to his claims against defendants Baughman and O'Rilley. Plaintiff's claim that he was not required to exhaust administrative remedies against defendants Baughman and O'Rilley because they acted as employees of the district attorney's office is not persuasive. That defendants Baughman and O'Rilley allegedly enforced a policy created by employees of the district attorney's office does not excuse plaintiff from the requirement that he exhaust administrative remedies. Accordingly, the undersigned recommends that defendant Baughman and O'Rilley be dismissed. Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *3 (E.D. Cal. Mar. 6, 2015) (relying on Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014), dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

It is unclear how plaintiff would administratively exhaust his claims against defendants Schubert and Tucker. In other words, it is not clear whether administrative remedies were available as to plaintiff's claims against these defendants. For this reason, the undersigned orders service of these defendants. The undersigned will address administrative exhaustion as to defendants Schubert and Tucker at a later stage of these proceedings, if appropriate.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

5

| | |
|---|---|
| 1 | 3. Service is appropriate for the following defendants: Schubert, Tucker. |
| 2 | 4. The Clerk of the Court shall send plaintiff 2 USM-285 forms, one summons, an |
| 3 | instruction sheet and a copy of the complaint filed February 12, 2019. |
| 4 | 5. Within thirty days from the date of this order, plaintiff shall complete the attached |
| 5 | Notice of Submission of Documents and submit the following documents to the court: |
| 6 | a. The completed Notice of Submission of Documents; |
| 7 | b. One completed summons; |
| 8 | c. One completed USM-285 form for each defendant listed in number 3 above; |
| 9 | and |
| 10 | d. Three copies of the endorsed complaint filed February 12, 2019. |
| 11 | 6. Plaintiff need not attempt service on defendants and need not request waiver of service. |
| 12 | Upon receipt of the above-described documents, the court will direct the United States Marshal to |
| 13 | serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment |
| 14 | of costs. |
| 15 | 7. The Clerk of the Court shall appoint a district judge to this action; and |
| 16 | IT IS HEREBY RECOMMENDED that defendants O'Rilley and Baughman be |
| 17 | dismissed. |
| 18 | These findings and recommendations are submitted to the United States District Judge |
| 19 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 20 | after being served with these findings and recommendations, plaintiff may file written objections |
| 21 | with the court and serve a copy on all parties. Such a document should be captioned |
| 22 | "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that |
| 23 | failure to file objections within the specified time may waive the right to appeal the District |
| 24 | Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 25 | Dated: June 6, 2019 |

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

How266.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANNE MARIE SCHUBERT, et al.,<br><br>　　　　　Defendants. | No. 2: 19-cv-0266 KJN P<br><br><br>NOTICE OF SUBMISSION |

　　　Plaintiff submits the following documents in compliance with the court's order filed
_____:

　　\_\_\_\_　　　　completed summons form

　　\_\_\_\_　　　　completed USM-285 forms

　　\_\_\_\_　　　　copies of the _____
　　　　　　　　　　　　　　　　Complaint

DATED:

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Plaintiff