UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2: 19-cv-0266 KJM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ANN MARIE SCHUBERT, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On April 24, 2020, the Clerk of the Court entered default as to defendants Schubert and Tucker.  (ECF No. 25.)  Pending before the court is defendants' June 1, 2020 motion to set aside the entry of default.  (ECF No. 26.)  On June 29, 2020, plaintiff filed an opposition to this motion.  (ECF No. 28.)  On July 2, 2020, defendants filed a reply to plaintiff's opposition.  (ECF No. 29.)

      For the reasons stated herein, the undersigned recommends that defendants' motion to set aside the default be granted.

Legal Standard

      Federal Rule of Civil Procedure 55(c) allows entry of default to be set aside "for good cause."  What constitutes "good cause" is within the discretion of the trial court.  See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) ("Rule 55(c) frees a court

1

considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court."); Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004) (reviewing district court's set aside of default for abuse of discretion).  The burden rests with the moving party.  See id. at 926.  "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment."  Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986).  "A decision on a motion to set aside default is not an abuse of discretion unless it is 'clearly wrong' in its determination of good cause."  Id.  (citations omitted.)  "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits."  O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994), as amended (July 1, 1994), as amended (July 12, 1994) (quoting Mendoza, 783 F.2d at 945-46).

The Ninth Circuit has identified three factors as important in a Rule 55(c) good-cause analysis:  (1) the moving party's culpable conduct, (2) prejudice to the non-moving party, and (3) the moving party's meritorious defenses.  See Franchise Holding II, LLC, 375 F.3d at 925–26.  Although the burden rests on the moving party, the factors are to be "liberally interpreted" in favor of setting aside default.  Haw. Carpenters' Trust Funds, 794 F.2d at 513.

Discussion

*Defendants' Culpability*

Defendants argue that they did not engage in culpable conduct that led to the default, because they did not intentionally fail to respond.  Defendants contend that they each cooperated in the efficient progress of the litigation by signing and returning the Waiver of Service of Summons form, and each expected that the County would retain counsel who would respond to the complaint on their behalf.  (See ECF No. 26-4 at 2-3 (Schubert declaration); ECF No. 26-5 at 2 (Tucker declaration).)

Based on the representations in defendants' declarations, the undersigned finds that defendants did not engage in culpable conduct.

////

*Prejudice*

Defendants argue that plaintiff is not prejudiced by setting aside the default. Defendants argue that plaintiff has not been prejudiced by the brief delay in his case caused by their failure to timely appear and the entry of default.

After reviewing the record, the undersigned finds that any prejudice to plaintiff caused by the delay in defendants' failure to timely appear is minimal.

*Defendants' Defense*

Defendants move to set aside the default on the grounds that they have a meritorious defense to plaintiff's claims.

In his complaint, plaintiff alleges that on November 26, 2017, he was charged with battery upon correctional officers. On April 13, 2018, plaintiff was told that he had a court appearance in this criminal case at 10:00 a.m. in Department 9 of the Sacramento County Superior Court. Plaintiff was not taken to the Superior Court for this appearance. Instead, plaintiff was taken to a storage room in CSP-Sac. Plaintiff sat at a table in front of the television. A judge appeared on the television screen.

A public defender and two correctional employees sat with plaintiff at the table in the storage room. Plaintiff was told that this was his court appearance. Plaintiff asked the correctional employees where was his court appointed attorney, Kelly Babineau. Plaintiff was informed that because Ms. Babineau was a private attorney, she was not allowed to come into the prison. However, Ms. Babineau was present in the courtroom in Sacramento along with the judge and defendant Tucker.

Plaintiff was informed that if he had any questions for Ms. Babineau, he was to inform the public defender seated next to him or the correctional employees. Plaintiff was then told that his question would then be relayed to Ms. Babineau, over the television monitor and "openly to the court." Plaintiff alleges that because of the video-conferencing, he had no direct access to Ms. Babineau, including confidential communication. Plaintiff was told that the legal name for his television appearance was "video court."

////

3

Plaintiff alleges that defendants Schubert and Tucker created a policy to prosecute inmates by video. Plaintiff alleges that the video court policy denied him his right to confidentially communicate with his attorney and his right to physically appear at the April 13, 2018 court proceeding.

In the motion to set aside the default, defendants argue that they have a meritorious defense to plaintiff's claims. Defendants argue that they did not create the video policy, as alleged by plaintiff. Defendants argue that the video policy was authorized via statute by the California State Legislature in California Penal Code § 977(c). California Penal Code § 977(c)(1) authorizes arraignments of defendants held in any state facility within the county on felony or misdemeanor charges, except for those defendants who were indicted by a grand jury, to be conducted by two-way electronic audiovideo communication between the defendant and the courtroom in lieu of the physical presence of the defendant in the courtroom. Defendants contend that plaintiff's video appearance on April 13, 2018, was for an arraignment.

Alternatively, defendants argue that plaintiff's Sixth Amendment claim fails because plaintiff's Sixth Amendment rights were not implicated by his video appearance on April 13, 2018. Citing the transcripts from these proceedings, defendants argue that plaintiff cannot show any prejudice to his defense as a result of appearing via video on April 13, 2018.

Finally, defendants argue that plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 577 (1994).

In the opposition, plaintiff disputes defendants' arguments in support of their claim that they have a meritorious defense to his claims.

Based on the arguments set forth above, the undersigned finds that defendants may have a meritorious defense. Defendants' claims that they have a meritorious defense should be addressed on the merits in a motion to dismiss.

<u>Conclusion</u>

For the reasons discussed above, the undersigned finds good cause to set aside the entry of default. Accordingly, defendants' motion to set aside default (ECF No. 26) should be granted.

Defendants attached a proposed motion to dismiss for failure to state a claim pursuant to

4

1  Federal Rule of Civil Procedure 12(b)(6) to the motion to set aside the default.  Plaintiff filed an
2  opposition to this motion on June 29, 2020.  (ECF No. 27.)
3       So that defendants' motion to dismiss is properly reflected in the court record, defendants
4  are directly to separately file the motion to dismiss within fourteen days of the district court's
5  adoption of these findings and recommendations.  Plaintiff will be granted an opportunity to file
6  another opposition to the motion to dismiss if he chooses.  If plaintiff does not file another
7  opposition, the undersigned will consider plaintiff's opposition to the motion to dismiss filed June
8  29, 2020, in evaluating defendants' motion to dismiss.
9       Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to set aside the
10 default (ECF No. 26) be granted; within fourteen days of the district court's adoption of these
11 findings and recommendations, defendants shall file the motion to dismiss attached as an exhibit
12 to the motion to set aside the default.
13      These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
15 after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
18 objections shall be filed and served within fourteen days after service of the objections.  The
19 parties are advised that failure to file objections within the specified time may waive the right to
20 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21 Dated:  July 8, 2020

                                  KENDALL J. NEWMAN
                                  UNITED STATES MAGISTRATE JUDGE

How266.def